**FILED**

AUG 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court
## FOR THE DISTRICT OF COLUMBIA

Cassie Eleson
P.O. Box 2807
Honolulu, Hawaii 96803

      Plaintiff(s),

v.

United States Government

      Defendant.

Case No.

Jury Trial Demanded

CASE NUMBER  1:06CV01553

JUDGE: Emmet G. Sullivan

DECK TYPE: Pro se General Civil

DATE STAMP: ██/██/2006

**VERIFIED COMPLAINT, PETITION, AND CLAIM FOR DAMAGES
IN THE NATURE OF A COMPLAINT, PETITION, AND CLAIM
FOR DAMAGES UNDER THE AUTHORITY OF 26 U.S.C. § 7433[1]**

## I
## INTRODUCTION

COME(S) NOW Cassie Eleson, in her own right, <u>Faretta v. California</u>, 422 US 809,

reserving her right to Assistance of Counsel, Id., AMENDMENT VI, UNITED STATES

CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC § 2072(b), and

the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, implemented by

EXECUTIVE ORDER 13107 on December 10, 1998, 63 Federal Register 240, pp

---

[1] Pursuant to the terms of 26 USC 7433(a) plaintiff is instructed to sue the United States (Government), The Internal Revenue Service is not a party to this action, thus service upon the IRS is not required. This is not an action requesting declaratory judgement, refund of taxes under 26 USC 7422 or an action for injunctive relief. As set forth herein, this is an action for damages because the IRS disregarded and continues to disregard certain sections of the IRS Code while engaged in collection activity regarding plaintiff(s).

68991-68993  and for cause(s) of action, aver(s):

## I.    PARTIES

A.    Plaintiff, neither employed by, nor personnel of, the defendant, is a Citizen of Hawaii, a Republic, "State in th[e] Union,"  established in Art. IV § 4 United States Constitution, *see also*: Hooven & Allison v. Evatt, 324 U.S. 652, 672-674, domiciled at the address shown above.

B.    Defendant is the UNITED STATES OF AMERICA, established in Art. II, United States Constitution.

## II.    JURISDICTION

A.    The district court of the United States has jurisdiction pursuant to

1.    Section 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747, as amended;

2.    Section 704 of the ADMINISTRATIVE  PROCEDURE ACT, 80 Stat. 392, for final agency actions for which there is no other adequate remedy in a court;

3.    Section 705 of the ADMINISTRATIVE  PROCEDURE ACT, 80 Stat. 393, to compel agency action unlawfully withheld or unreasonably denied; and,

4.    Section 706 of the ADMINISTRATIVE  PROCEDURE ACT, 80 Stat. 393, to provide for judicial review of final agency actions for which there is no other adequate remedy in a court.

B.    The district court of the United States has power to hold unlawful and set

aside agency action findings, and conclusions found to be -

1.     (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

2.     (B) contrary to constitutional right, power, privilege, or immunity;

3.     (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

4.     (D) without observance of procedure required by law;

5.     (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title [Title 5] or otherwise reviewed on the record of an agency hearing provided by statute; or

6.     (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

C.     The district court of the United States further:

1.     has federal question jurisdiction pursuant to Title 28 United States Code § 1331 with respect to

   a)     federal record-keeping matters under

      (1)     the Federal Records Act; 82 Stat. 1297, et seq.;

      (2)     the National Archives Act , 90 Stat. 2723, , et seq.;

   b)     federal records access matters under

(1)    the Federal Records Act; 82 Stat. 1297, et seq.;

(2)    the Freedom of Information Act, 80 Stat. 383, et seq.; and,

(3)    the Privacy Act of 1974, 88 Stat. 1897.

2.    has jurisdiction of action in the nature of mandamus to compel performance of a duty by an officer or employee of an agency of the United States (sic), pursuant to P. L. 87-748, § 1(a), 76 Stat. 744, Title 28 United States Code § 1361; the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, ch 324, 60 Stat 237, as amended; Title 5 United States Code § 705; and,

3.    has jurisdiction under the ALL WRITS ACT, Title 28 United States Code § 1651 .

## III.   VENUE

A.    Venue is proper in the District of Columbia, (26 USC §7433), as the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643, wherein the offices of government are required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643.

B.    "The Office of the Secretary" is so exercised at 1500 Pennsylvania. Ave. N.W., Washington D.C.

## IV.   ALLEGATIONS[2]
COUNT 1

---

[2] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

By disregard of Internal Revenue Code section 6001 , 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Plaintiff, by notice served or by regulation, of the imposition of a requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code.

COUNT 2

By disregard of Federal Tax Regulation 26 CFR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Plaintiff, by notice served, of the imposition of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 3

By disregard of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of Cassie Eleson as authorized *if* a "...person shall fail to make a return required...".

COUNT 4

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of Cassie Eleson.

COUNT 5

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of Cassie Eleson.

COUNT 6

By disregard of Federal Tax Regulations in Federal Tax Regulation 26 CFR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of Cassie Eleson.

COUNT 7

By disregard of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Cassie Eleson.

COUNT 8

By disregard of Federal Tax Regulation 26 CFR 301.6020-1, subsection (b)(2), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (b)(2) with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Cassie Eleson.

COUNT 9

By disregard of Internal Revenue Code section 6103 , 68A Stat. 753, subsection (c), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Plaintiff or Plaintiff's representative upon request.

COUNT 10

By disregard of Internal Revenue Code section 6109  , 75 Stat. 828, subsection (d)

with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Plaintiff into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.    aliens, *see* 42 USC § 405(c)(2)(B)(i)(I); and,

2.    applicants for/recipients of federal benefits, *see* 42 USC § 405(c)(2)(B)(i)(II) effectively creating, in Plaintiff(s), a false status of "alien" and/or "applicant/recipient".

COUNT 11

By disregard of Internal Revenue Code section 6201, 68A Stat. 767, subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to limit assessments to:

1.    Taxes shown on return 26 USC § 6201(a)(1); and,

2.    Unpaid taxes payable by stamp 26 USC § 6201(a)(2).

COUNT 12

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, assessed amounts assessable only upon those engaged in activity relating to Alcohol, Tobacco Products, and Firearms.

COUNT 13

By disregard of Internal Revenue Code section 6202, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, exceeded the limitations imposed upon the Secretary's authority to establish by regulations the mode or time for the assessment of any internal revenue tax (including interest, additional amounts, additions to the tax, and assessable penalties).

COUNT 14

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Cassie Eleson.

COUNT 15

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign, summary record(s) of assessment, which include(s),

    (1)    identification of the taxpayer;

    (2)    character of liability assessed;

(3)     taxable period, if applicable; and,

(4)     amount of assessment.

COUNT 16

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of assessments "filed in the Office of the Secretary" upon request.

COUNT 17

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of signed summary records of assessment with supporting lists upon request.

COUNT 18

By disregard of Internal Revenue Code section 6211, 68A Stat. 770, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to promulgate regulations to implement Internal Revenue Code section 6211, 68A Stat. 770 with respect to tax imposed in Subtitle A of the Internal Revenue

Code.

COUNT 19

By disregard of Internal Revenue Code section 6301, 68A Stat. 775, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, exceeded the limits imposed upon the Secretary's authority to collect taxes; i.e., taxes imposed by the Internal Revenue Code . Specifically:

1.      The Commissioner of Internal Revenue failed to develop and implement procedures under which - "(1) a determination by an employee to file a notice of lien or levy with respect to, or to levy or seize, any property or right to property would, where appropriate, be required to be reviewed by a supervisor of the employee before the action was taken"; and,

2.      The Commissioner of Internal Revenue failed to develop and implement procedures under which -"(2) appropriate disciplinary action would be taken against the employee or supervisor where the procedures under paragraph (1) were not followed"; and,

3.      The Commissioner of Internal Revenue failed to develop and implement a review process under subsection (a)(1) which includes a certification that the employee has -

"(1) reviewed the taxpayer's information;

"(2) verified that a balance is due; and

"(3) affirmed that the action proposed to be taken is appropriate given the

taxpayer's circumstances, considering the amount due and the value of the property or right to property."

COUNT 20

By disregard of Federal Tax Regulations in 27 CFR Part 24, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 21

By disregard of Federal Tax Regulations in 27 CFR Part 25, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 22

By disregard of Federal Tax Regulations in 27 CFR Part 26, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax

imposed in Subtitle A of the Internal Revenue Code.

COUNT 23

By disregard of Federal Tax Regulations in 27 CFR Part 270, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 24

By disregard of Federal Tax Regulations in 27 CFR Part 41, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 25

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 26

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 27

By disregard of Internal Revenue Code section 6303, 68A Stat. 775, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to "within 60 days after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof" with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 28

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6303 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 29

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6303 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 30

. By disregard of Internal Revenue Code section 6304 , 112 Stat. 768, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax."

COUNT 31

By disregard of Internal Revenue Code section 6320 , 112 Stat. 746, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a hearing in conjunction with subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330.

COUNT 32

By disregard of Internal Revenue Code section 6321, 68A Stat. 779, with intent to

defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand.

COUNT 33

By disregard of section 6751(b)(1) of the Internal Revenue Code of 1986, 68A Stat 3, § 6751(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination.

COUNT 34

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6321 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 35

By disregard of Internal Revenue Code section 6322, 68A Stat. 779, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1.

COUNT 36

By disregard of Internal Revenue Code section 6323, 68A Stat. 779, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Hawaii.

COUNT 37

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6323 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 38

By disregard of Federal Tax Regulations in 27 CFR Part 301, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6323 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 39

By disregard of Internal Revenue Code section 7213, 68A Stat. 855, subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, unlawfully disclosed return information - by filing  notice(s) of lien(s) in stated amounts for which no record of assessment exists.

## V
## ALLEGATIONS RE: BREACHES OF ADMINISTRATIVE PROCEDURE:

A.    Counts one through thirty-nine, above, are realleged and incorporated as if fully set forth herein.

B.    Upon information and belief, the failures of administrative procedure identified in Counts one through thirty-nine, above, were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence in a case subject to sections 556 and 557 of Title 5, United States Code, or otherwise reviewed on the record of an agency hearing provided by statute, and unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

## VI
## SPECIAL MATTERS

Counts one through thirty-nine,  above, are realleged and incorporated as if fully set forth herein.  Upon information and belief, each failure of administrative procedure identified above; intended to defeat  the application of the respective provision of the

Internal Revenue Code, is a separate and distinct violation of IRC § 7214(a)(3).

## REMEDY SOUGHT

.    Plaintiff seeks a determination that principals, officers, agents, and/or employees of defendant's agency (Internal Revenue Service) disregarded cited provisions of the Internal Revenue Code and/or regulations promulgated under that Title with intent to defeat the application thereof.

.    Upon determination as sought, plaintiff seeks an ORDER:

1.    directing defendants to pay damages in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per disregard; and,

2.    directing replevin of any and all property taken from Plaintiff(s) without complete due process of tax law, or compensation at current fair market value; and,

3.    directing such other and further damages as the court deems just and proper; and,

4.    enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation.

Dated: *August 23* , 2006

n/a

_____
Cassie Eleson

State of Hawaii      )
                     ) SS          ACKNOWLEDGMENT
County of Honolulu  )

On the above inscribed date before the undersigned, a Notary Public for the State of Hawaii, personally appeared, Cassie Eleson, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same as her free act and deed.

Y. TSUKIYAMA

Notary Public, State of Hawaii

My Commission Expires: 4·28·2007

# AFFIDAVIT

Affiant, Cassie Eleson, is of lawful age and competent to testify, after having been duly sworn, state as follows based upon affiant's own personal knowledge:

1.  It is not now, nor has it ever been, affiant's intent to avoid paying any tax that affiant is legally liable to pay or that affiant lawfully owes.

2.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6201(a) by making an assessment of the taxes affiant allegedly owes;

3.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6202 by making an assessment of the taxes affiant allegedly owes within the time and mode set forth by the secretary;

4.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by recording an assessment of the taxes affiant allegedly owes;

5.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by furnishing affiant copies of records of assessment upon affiants request;

6.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §7214(a) by not attempting and continuing to attempt to collect sums greater than appear on records of assessment;

7.  Affiant is not in possession of any document which verifies that affiant owes a "tax" to the United States Treasury.

8.  Affiant is not in possession of any document which verifies that the defendant has complied with all collection procedures required by the IRS Code and its regulations.

9.  Affiant is not in possession of any document which identifies the authority of the IRS to substitute any other document or form for a Form 23-C (Summary Record of Assessment).

10. Affiant is not in possession of any document which establishes that defendants' agency is willing to reconsider the position it has taken in the voluminous correspondence affiant has received from defendant's agency.

11. Affiant has diligently and repeatedly sought to remedy this situation with the IRS.

06 1553

FILED

AUG 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

12.    The IRS has ignored, dismissed or trivialized any attempt to discuss an amicable settlement.

13.    Affiant has commenced this action within two (2) years after the date on which the right of this action accrued.

14    Affiant believes there is no possible way that the United States can answer any of the claims made in this pleading.

Dated: _August 23_ , 2006


_Cassie Eleson_ (signature)                    _n/a_

Cassie Eleson


State of Hawaii          )
                         ) SS          JURAT
County of Honolulu       )


Subscribed and sworn to (or affirmed) before me this 23rd day of _August_ , 2006

_____ **Y. TSUKIYAMA**

Notary Public, State of Hawaii

My Commission Expires: _4-28-2007_