IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CASSIE ELESON | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:06-1553 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO DISMISS  COMPLAINT

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b) to

dismiss plaintiff's  complaint.

As grounds for this motion, the United States submits that the Court lacks

subject matter jurisdiction over the  complaint.

A memorandum of points and authorities  in support of this motion and a

proposed order are submitted herewith.

DATED: October 26, 2006.                    Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Phone/Fax: (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

1864489.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

CASSIE ELESON                          )
                                       )
            Plaintiff,                 )         No. 1:06-1553 (EGS)
                                       )
      v.                               )
                                       )
UNITED STATES,                         )
                                       )
            Defendant.                 )

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS  COMPLAINT**

This is a civil action in which plaintiff seeks damages for alleged "wrongful

collection" of federal taxes.  Plaintiff also seeks "replevin of any and all property" and an

order "enjoining defendants' principals, officers, agents, and/or employees from further

acting in disregard of law or regulation."

QUESTIONS PRESENTED

Plaintiff's complaint seeks damages for alleged "wrongful collection" of federal

taxes from plaintiff.  Plaintiff failed to establish that she properly exhausted administrative

remedies.  Does the Court have jurisdiction to entertain a suit for damages under these

circumstances?1/

---

1/ Plaintiff has also failed to file a certification that she served the United States,
so it is unclear whether proper service has been effected.  If it has not, this Court does
not have jurisdiction over this matter.  Under Fed. R. Civ. P. 4(c)(2), service of a
summons and complaint "may be effected by any person who is not a party."  Under
rule 4(I), the United States must be served by:  (1) delivering a copy of the summons
and complaint to the United States attorney for the district in which the action is

(continued...)

STATEMENT

1.  <u>Introduction & background</u>.  Plaintiff, Cassie Eleson, filed a complaint on August 31, 2006.

2.  <u>Relief sought in the  complaint</u>.  Plaintiff alleges that agents and employees of the Internal Revenue Service disregarded a laundry list of statutes from the Internal Revenue Code.  (Compl. Counts 1-39.)  Plaintiff seeks damages in the amount of "$10,000 per disregard."  (Compl. Remedy Sought at 1.)  Plaintiff also seeks "replevin of any and all

---

<u>1</u>/ (...continued)

brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the *civil process clerk* at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued.  Fed. R. Civ. P. 4(I) (emphasis added); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response.  *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring).  A jurisdictional defect of this sort is fatal to maintenance of an action.  *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959).  Accordingly, courts routinely dismiss actions when service is improper.  *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987).  Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper.  *See Myers v. American Dental Ass'n*, 695 F. 2d  716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

property" 2/ and an injunction preventing United States employees from "further acting in

disregard of law or regulation."3/   (Compl. Remedy Sought at 2 & 4.)

ARGUMENT

I

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE  COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks

damages.  (Compl. generally.)  This Court does not have jurisdiction over plaintiff's section

---

2/ Plaintiff's replevin action is in reality an action seeking a refund of federal
taxes.  Because plaintiff fails to allege that she filed an administrative claim for refund
and fully paid the taxes owed, the Court lacks subject matter jurisdiction.  *See* 26 U.S.C.
§ 7422; *United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary
before filing a suit for a tax refund); *Flora v. United States*, 362 U.S. 145, 177 (1960)
(payment in full is required before filing a suit for a tax refund).

Alternatively, if the Court treats plaintiff's replevin action as a tort action, the
Court still lacks subject matter jurisdiction.  *See Mac'Avoy v. The Smithsonian Institution*,
757 F.Supp. 60, 67-68 (D.D.C. 1991).  The United States has waived its immunity to
permit tort suits under the Federal Tort Claims Act (FTCA) (28 U.S.C. § 2675), and that
waiver provides the exclusive remedy for claims of injury or loss of property arising or
resulting from the negligent or wrongful acts of government employees acting within
the scope of their employment.  *See FDIC v. Meyer*, 510 U.S. 471 (1994).  But the FTCA
also excludes jurisdiction for claims based upon an act or omission of a government
employee exercising due care in the execution of a statute of regulation and claims in
respect of the assessment or collection of any tax.  *See* 28 U.S.C. § 2680.  A threshold
jurisdiction requirement for such a suit is the filing of an administrative claim for
damages with the relevant agency.  *See McNeil v. United States,* 508 U.S. 106 (1993);
*Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002); *Mac'Avoy*, 757 F.Supp. at 67-68.
Plaintiff does not allege that she filed an administrative claim, thus the Court
lacks subject matter jurisdiction over her replevin action under the FTCA.

3/ Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421).
*See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987).

1866114.1                                    -3-

7433 claim because she has failed to demonstrate that she filed a proper administrative claim for damages with the Internal Revenue Service.  The party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  *McGuirl v. United States*, 360 F.Supp.2d 125, 127 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.  The Court lacks jurisdiction over plaintiff's claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*"  26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433.  *See* 26 C.F.R. § 301.7433-1(e).  The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written

administrative claim for damages to the area director in the district in which the taxpayer

lives and include the following: (1) the grounds for the claim; (2) a description of the

injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any

damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the

taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation

deprives a court of jurisdiction. *See Holt v. Davidson*, 441 F.Supp.2d 92, 96 (D.D.C. 2006);

*McGuirl*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994);

*Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).4/

---

4/      In *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), this Court
dismissed a similar complaint for failure to state a claim holding that the failure to
exhaust administrative remedies was not a jurisdictional defect. The *Turner* Court
relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in reaching its conclusion. In
*Arbaugh*, the Supreme Court addressed exhaustion of administrative remedies in the
context of two private litigants in a Title VII suit, rather than a suit involving the United
States. The United States respectfully asserts that this difference in parties is significant.
Neither of the private litigants had any attributes of sovereign immunity. Thus, neither
litigant in *Arbaugh* could claim the benefit of the long-recognized

> general principle that "the United States, as sovereign, 'is
> immune from suit save as it consents to be sued *** and the
> terms of its consent to be sued in any court *define that court's
> jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United
States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define
the court's jurisdiction. One of the terms of the consent under section 7433 is that the
taxpayer must have exhausted his administrative remedies. And as a term of consent to
the waiver of sovereign immunity, the requirement of administrative exhaustion is by
definition a part of the "court's jurisdiction to entertain the suit." *Arbaugh* did not deal
with the special situation of sovereign immunity because neither party to the lawsuit

                                                                (continued...)

Here, plaintiff has not alleged that she filed a written claim with the area director which complies with the requirements of the regulations. Therefore, plaintiff has not met her burden to allege that the United States has unequivocally waived its sovereign immunity. Because plaintiff failed to allege that she filed an administrative claim for damages, she has not met her burden to prove exhaustion of administrative remedies. Thus, this Court does not have jurisdiction over her section 7433 claim, and the Court should dismiss the complaint.

III.

THE COURT DOES NOT HAVE JURISDICTION
UNDER THE APA, 28 U.S.C. §§ 1331, THE ALL WRITS ACT,
OR MANDAMUS FOR PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiff also asserts jurisdiction for her damages claim under the Administrative Procedures Act ("APA"), 28 U.S.C. §§ 1331, the All Writs Act and mandamus. (*See* Compl. ¶¶ II.A.2.-4., C.1-3.) None of these statutes provides jurisdiction over actions concerning the assessment and/or collection of federal taxes. An action brought under the APA is barred if it concerns the assessment or collection of federal taxes. *See Murphy v. Internal Revenue* Service, 460 F.3d 79, 82 (D.C. Cir. 2006, *pet. for rehg. en banc on other grounds pending*); *Foodservice and Lodging Institute, Inc. v. Regan*, 809 F.2d 842, 844-845 (D.C. Cir.

---

4/ (...continued)
was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with statutory schemes of relief involving materially different parties. Therefore, the United States respectfully requests that the Court consider this difference and conclude that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction.

1866114.1                                -6-

1987); *McGuirl v. United States*, 360 F.Supp.2d 129, 131-132 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished). Sovereign immunity is not waived merely because the action may involve a federal question. *See, e.g.*, *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Section 1651 of Title 28 does not operate as a waiver of sovereign immunity. *See Benvenuti v. Dept. of Defense*, 587 F.Supp. 348 (D.D.C. 1984). Nor does 28 U.S.C. § 1361 operate as a waiver of sovereign immunity on its own.5/  *See, e.g., Washington Legal Foundation v. United States Sentencing Comm'n*, 89 F.3d 897, 901 (D.C. Cir. 1996) (citing other cases). Thus, the Court lacks subject matter jurisdiction and the complaint should be dismissed.

Plaintiff has failed to demonstrate a waiver of sovereign immunity thereby establishing the Court's jurisdiction over her section 7433 damages claim. Therefore, the Court should dismiss the complaint.

---

5/  Moreover, plaintiff fails to state a claim for which relief may be granted under 28 U.S.C. § 1361. A writ of mandamus may be issued only when plaintiff can show: (1) a clear right to the relief sought; (2) the officer has a clear duty to do the act that the plaintiff requests; and (3) no other adequate remedy is available. *Northern States Power Co. v. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997); *Estate of Michael v. Lullo*, 173 F.3d 503, 512-13 (4th Cir. 1999). Plaintiff clearly does not meet these requirements. For example, plaintiff has an adequate remedy at law. She can bring suit under 26 U.S.C. § 7433, which she has arguably pursued in this suit, to address her allegations of wrongful collection or she can bring suit under 26 U.S.C. § 7422 to address her prayer for a return of all property. In either situation, she first needs to exhaust administrative remedies.

IV.

THE COURT DOES NOT HAVE JURISDICTION
UNDER THE FOIA OR THE PRIVACY ACT
FOR PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiff also appears to assert that the Court has jurisdiction under the Freedom of Information Act ("FOIA") and the Privacy Act. (*See* Compl. ¶¶ II.C.1.b.2-3.)6/ The FOIA provides limited relief to plaintiffs and limited jurisdiction to courts: a Court may "enjoin the agency from withholding agency records and . . . order the production of any agency records improperly withheld from the complainant."7/ Courts have explained that the "FOIA merely provides an avenue and a remedy for an individual to seek and obtain records of an administrative agency. It does not provide a litigant with other . . . remedies against the United States."8/ Neither the FOIA nor the Privacy Act provides for damages for alleged wrongful collection actions.

---

6/ 5 U.S.C. § 552 (FOIA); 5 U.S.C. § 552a (Privacy Act).

7/ 5 U.S.C. § 552(a)(4)(B); see also 5 U.S.C. § 552a(g)(3(A) (Privacy Act) ("[T]he court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him.")

8/ *Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1117 (C.D. Cal. 1998). This conclusion is further supported by the principle of sovereign immunity. "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). In the case of FOIA and Privacy Act suits, Congress authorized suit against an *agency* and only provided for a limited form of relief.

Additionally, in FOIA and Privacy Act actions, the only proper defendants are federal departments and agencies.9/   Accordingly, the Court lacks personal jurisdiction over the United States and the  complaint must be dismissed.

CONCLUSION

Because the Court lacks jurisdiction over plaintiff's complaint, the  complaint should be dismissed.


DATED: October 26, 2006.                    Respectfully submitted,

                                            /s/ Pat S. Genis____
                                            PAT S. GENIS, #446244
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 227
                                            Washington, DC 20044
                                            Phone/Fax: (202) 307-6390/514-6866
                                            Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

---

9/   5 U.S.C. §552(f); 5 U.S.C. §552a(g)(1)(B); *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993) (citing *Sherwood Van Lines v. United States Dep't of Navy*, 732 F.Supp. 240, 241 (D.DC. 1990)).

1864489.1

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS COMPLAINT, supporting MEMORANDUM, and proposed ORDER were served upon plaintiff *pro se* on October 26, 2006 under the Court's EFC procedures and by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> Cassie Eleson
> Plaintiff *pro se*
> P.O. Box 2807
> Honolulu, HI 96803

> /s/ Pat S. Genis
> PAT S. GENIS, #446244

1864489.1