IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CASSIE ELESON | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:06-1553 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b),

to dismiss plaintiff's amended complaint.

As grounds for this motion, the United States submits that the Court lacks

subject matter jurisdiction over the amended complaint.

A memorandum of points and authorities  in support of this motion and a

proposed order are submitted with this motion.

DATED: December 11, 2006.                   Respectfully submitted,


                                            /s/ Pat S. Genis
                                            PAT S. GENIS, #446244
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 227
                                            Washington, DC 20044
                                            Phone/Fax: (202) 307-6390/514-6866
                                            Email: pat.genis@usdoj.gov


OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

1864489.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CASSIE ELESON | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:06-1553 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS  AMENDED COMPLAINT**

This is a civil action in which plaintiff seeks damages for alleged "wrongful collection" of federal taxes.  Plaintiff also seeks "replevin of any and all property" and an order "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation."  (Am. Compl. at 26-27.)

QUESTIONS PRESENTED

Plaintiff's complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiff.  Plaintiff failed to establish that she properly exhausted administrative remedies.  Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

1.  <u>Introduction & background</u>.  Plaintiff, Cassie Eleson, filed a complaint on August 31, 2006.  Plaintiff's complaint alleged that the Internal Revenue Service disregarded a laundry list of statutes and codes from the Internal Revenue Code.  (Compl. counts 1-39.)

1866114.1

She filed an amended complaint on November 27, 2006, with allegations identical to the ones in her original complaint, except a new allegation #40, was added. The new allegation, like the old ones, alleged a violation of the Code.

    2. <u>Relief sought in the amended complaint</u>. Plaintiff alleges that agents and employees of the Internal Revenue Service disregarded a laundry list of statutes from the Internal Revenue Code. (Am. Compl. Counts 1-40.) Plaintiff seeks damages in the amount of "$10,000 per disregard." (Am. Compl. Remedy Sought, no. 1.) Plaintiff also seeks "replevin of any and all property" 1/ and an injunction preventing United States

_____

    <u>1</u>/ Plaintiff's replevin action is in reality an action seeking a refund of federal taxes. Because plaintiff fails to sufficiently allege that she filed an administrative claim for refund and fully paid the taxes owed, the Court lacks subject matter jurisdiction. *See* 26 U.S.C. § 7422; *United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund).

    Alternatively, if the Court treats plaintiff's replevin action as a tort action, the Court still lacks subject matter jurisdiction. *See Mac'Avoy v. The Smithsonian Institution*, 757 F.Supp. 60, 67-68 (D.D.C. 1991) (Hogan). The United States has waived its immunity to permit tort suits under the Federal Tort Claims Act (FTCA) (28 U.S.C. § 2675), and that waiver provides the exclusive remedy for claims of injury or loss of property arising or resulting from the negligent or wrongful acts of Government employees acting within the scope of her employment. *See FDIC v. Meyer*, 510 U.S. 471 (1994). But the FTCA also excludes jurisdiction for claims based upon an act or omission of a Government employee exercising due care in the execution of a statute of regulation and claims in respect of the assessment or collection of any tax. *See* 28 U.S.C. § 2680. A threshold jurisdiction requirement for such a suit is the filing of an administrative claim for damages with the relevant agency. *See McNeil v. United States*, 508 U.S. 106 (1993); *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002); *Mac'Avoy*, 757 F.Supp. at 67-68. Plaintiff does not sufficiently allege that she filed an administrative claim, thus the Court lacks subject matter jurisdiction over her replevin action.

1866114.1                                

employees from "further acting in disregard of law or regulation."2/ (Am. Compl.

Remedy Sought, nos. 2 & 4.)

ARGUMENT

I

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
the AMENDED COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks

damages. (Am. Compl. generally.) This Court does not have jurisdiction over plaintiff's

section 7433 claim because she has failed to demonstrate that he filed a proper

administrative claim for damages with the Internal Revenue Service. The party bringing

suit must show that the United States has unequivocally waived its sovereign immunity.

*McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General*

*Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th

Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates

for the United States' waiver of sovereign immunity with respect to suits for wrongful

collection actions. The Court lacks jurisdiction over plaintiff's claim because the predicates

of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages

for the unauthorized collection of taxes, taxpayers must exhaust their administrative

---

2/ Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421).
*See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987).

remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*"  26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433.  *See* 26 C.F.R. § 301.7433-1(e).  The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following:  (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  *See Holt v. Davidson*, 441 F.Supp.2d 92, 96 (D.D.C. 2006) (Urbina); *McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).3/

_____

3/     In *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), this Court dismissed a similar complaint for failure to state a claim holding that the failure to

(continued...)

Here, plaintiff does not allege that she field a claim for damages.  Because plaintiff

failed to allege that she filed an administrative claim for damages, the Court should dismiss

the amended complaint.

---

3/  (...continued)
exhaust administrative remedies was not a jurisdictional defect.  Other judges in this
court have made similar rulings.  The United States understands these court to have
relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in reaching its conclusion.  In
*Arbaugh*, the Supreme Court addressed exhaustion of administrative remedies in the
context of two private litigants in a Title VII suit, rather than a suit involving the United
States.  The United States respectfully asserts that this difference in parties is significant.
Neither of the private litigants had any attributes of sovereign immunity. Thus, neither
litigant in *Arbaugh* could claim the benefit of the long-recognized

> general principle that "the United States, as sovereign, 'is
> immune from suit save as it consents to be sued *** and the
> terms of its consent to be sued in any court *define that court's
> jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United
States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define
the court's jurisdiction. One of the terms of the consent under section 7433 is that the
taxpayer must have exhausted his administrative remedies. And as a term of consent to
the waiver of sovereign immunity, the requirement of administrative exhaustion is by
definition a part of the "court's jurisdiction to entertain the suit."  *Arbaugh* did not deal
with the special situation of sovereign immunity because neither party to the lawsuit
was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with
statutory schemes of relief involving materially different parties. Therefore, the United
States respectfully requests that the Court consider this difference and conclude that
section 7433's exhaustion requirement is an element of the United States' waiver of
sovereign immunity, and thus an aspect of subject matter jurisdiction.  If the Court
disagrees, then the amended complaint must be dismissed for failure to state a claim.

1866114.1                              -5-

III.

THE COURT DOES NOT HAVE JURISDICTION
UNDER THE APA, 28 U.S.C. §§ 1331, THE ALL WRITS ACT,
OR MANDAMUS FOR PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiff also asserts jurisdiction for her damages claim under the Administrative

Procedures Act ("APA"), 28 U.S.C. §§ 1331, the All Writs Act and mandamus.  (*See* Am.

Compl. ¶¶ II.A.2.-4., C.1.-3.)  None of these statutes provides jurisdiction over actions

concerning the assessment and/or collection of federal taxes.  An action brought under the

APA is barred if it concerns the assessment or collection of federal taxes.  *See Murphy v.*

*Internal Revenue* Service, 460 F.3d 79, 82 (D.D.C. 2006); *Foodservice and Lodging Institute, Inc.*

*v. Regan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987); *McGuirl v. United States*, 360 F.Supp.2d 129,

131-132 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished).  Sovereign

immunity is not waived merely because the action may involve a federal question.  *See, e.g.,*

*Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).  Section 1651 of Title 28 does not

operate as a waiver of sovereign immunity.  *See Benvenuti v. Dept. of Defense*, 587 F.Supp.

348 (D.D.C. 1984).  Nor does 28 U.S.C. § 1361 operate as a waiver of sovereign immunity on

its own.[4]/  *See, e.g., Washington Legal Foundation v. United States Sentencing Comm'n*, 89 F.3d

---

[4]/  Moreover, plaintiff fails to state a claim for which relief may be granted
under 28 U.S.C. § 1361.  A writ of mandamus may be issued only when plaintiff can
show:  (1) a clear right to the relief sought; (2) the officer has a clear duty to do the act
that the plaintiff requests; and (3) no other adequate remedy is available.  *Northern*
*States Power Co. v. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997); *Estate of Michael v.*
*Lullo*, 173 F.3d 503, 512-13 (4th Cir. 1999).  Plaintiff clearly does not meet these
requirements.  For example, plaintiff has an adequate remedy at law.  She can bring suit
under 26 U.S.C. § 7433, which she has arguably pursued in this suit, to address her

(continued...)

897, 901 (D.C. Cir. 1996) (citing other cases).  Thus, the Court lacks subject matter

jurisdiction and the amended complaint should be dismissed.

Plaintiff has failed to demonstrate a waiver of sovereign immunity thereby

establishing the Court's jurisdiction over her section 7433 damages claim.  Therefore, the

Court should dismiss the amended complaint.

IV.

THE COURT DOES NOT HAVE JURISDICTION
UNDER THE FOIA OR THE PRIVACY ACT
FOR PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiff also appears to assert that the Court has jurisdiction under the Freedom of

Information Act ("FOIA") and the Privacy Act.  (*See* Am. Compl. ¶¶ II.C.1.b.2-3.)5/ The

FOIA provides limited relief to plaintiffs and limited jurisdiction to courts: a Court may

"enjoin the agency from withholding agency records and . . . order the production of any

agency records improperly withheld from the complainant."6/  Courts have explained that

the "FOIA merely provides an avenue and a remedy for an individual to seek and obtain

records of an administrative agency.  It does not provide a litigant with other [...] remedies

––––––––––––––––––

4/  (...continued)
allegations of wrongful collection or she can bring suit under 26 U.S.C. § 7422 to
address her prayer for a return of all property.  In either situation, she first needs to
exhaust administrative remedies.

5/  5 U.S.C. § 552 (FOIA); 5 U.S.C. § 552a (Privacy Act).

6/  5 U.S.C. § 552(a)(4)(B); see also 5 U.S.C. § 552a(g)(3(A) (Privacy Act) ("[T]he
court may enjoin the agency from withholding the records and order the production to
the complainant of any agency records improperly withheld from him.")

1866114.1                              -7-

against the United States."7/ Neither the FOIA nor the Privacy Act provide for alleged

wrongful collection actions.

Additionally, in a FOIA action and a Privacy Act action, the only proper defendants

are federal departments and agencies.8/  Accordingly, the Court lacks personal jurisdiction

over the United States and the amended complaint must be dismissed.

V.

THE REGULATION IS VALID

Plaintiff also asserts that she need not exhaust their administrative remedies as the

regulation is invalid.  (Am. Compl. at 18-26.)  The regulation is valid.  Plaintiff alleges that

26 C.F.R. § 301.7433-1 "is an unreasonable interpretation of the current statutory provision;

exceeds the authority of the current statutory provision by impermissibly extending the

operation of the exhaustion requirement; and, by frustrating Congress' intent in creating,

and amending, 7433; and by effectively converting a '7433 damages' claim into a '7422

refund' claim."  (Am. Compl. at 18-26.)  Plaintiff's claim of regulatory invalidity fails for

two reasons.

---

7/  *Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1117 (C.D. Cal. 1998).  This conclusion is further supported by the principle of sovereign immunity.  "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added).  In the case of FOIA and Privacy Act suits, Congress authorized suit against an *agency* and only provided for a limited form of relief.

8/  5 U.S.C. §552(f); 5 U.S.C. §552a(g)(1)(B); *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993) (citing *Sherwood Van Lines v. United States Dep't of Navy*, 732 F.Supp. 240, 241 (D.DC. 1990)).

First, because plaintiff has not shown any attempt to comply with 26 U.S.C. § 7433's requirement to exhaust administrative remedies, her claim of regulatory invalidity is not ripe for adjudication.

Second, the regulation is valid. *Chevron* provides the analytical framework for considering the validity of this regulation. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 476 U.S. 837 (1984). Regulations issued by an agency to interpret the application of a statute are entitled to deference as long as the regulations implement the statute in some reasonable manner. *Id.* at 843-45. The standard of validity is not whether the agency's construction is the *only* permissible reading, or even the "best" among permissible readings, or whether the regulation reaches a result that the court would have reached if the issue had first been presented in a judicial proceeding. *See id.* at 843, n.11; *Nichols v. United States*, 260 F.3d 637, 644 (6th Cir. 2001). Rather, if the challenged regulation represents a reasonable policy choice within an area intentionally or inadvertently left open by Congress, the regulation should be upheld.
*Chevron*, 467 U.S. at 865-866; *see also Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Services*, 125 S.Ct. 2688, 2699 (2005).

Under *Chevron*'s two-step procedure, the first inquiry is whether the statute directly and conclusively addresses the precise question at issue. If the statute does not provide the answer, being either silent or ambiguous, the next step mandates upholding the agency's interpretation as long as the agency's construction "is a reasonable policy choice for the agency to make." *Chevron*, 467 U.S. at 845. Congress explicitly directed the Secretary of the

Treasury to issue "all needful rules and regulations" for the enforcement of the Internal Revenue Code. 26 U.S.C. § 7805(a). It is well settled that a court should ordinarily defer to the regulation if it implements the congressional mandate in some reasonable manner. *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 476 (1979) (quoting *United States v. Correll*, 389 U.S. 299, 307 (1967)); *Boulez v. Comm'r*, 810 F.2d 209 (1987); *Debt Buyers Ass'n v. Snow*, 2006 WL 598143, * 9 (D.D.C. 2006) (Kollar-Kotelly). To determine whether the regulation carries out the congressional mandate in a reasonable manner, courts look to see whether the regulation harmonizes with the plain language of the statue, its origin, and its purpose. *National Muffler Dealers Ass'n*, 440 U.S. at 477.

The requirement that a party must exhaust administrative remedies prior to filing suit was contained in the first Taxpayer Bill of Rights (TBOR I). After publication of the original Treasury regulations under section 7433, courts determined that section 7433(d) was a jurisdictional bar to an action in court absent exhaustion of administrative remedies. *See, e.g., Venen v. United States*, 38 F.3d 100 (3d Cir. 1994). In 1996, Congress enacted TBOR II, which amended section 7433(d) to provide that failure to exhaust administrative remedies was merely a factor that the court could use to reduce a judgment. Then, in 1998, Congress enacted TBOR III which reinstated, verbatim, the language of TBOR I, which required exhaustion of administrative remedies prior to filing suit in district court. *See also* H.R. Rep. 105-364, pt. 1, at 59 (1997); S. Rep. 105-174, at 49 (1998).

The language in section 7433(d)(1), as well as the legislative history, makes clear that Congress intended the Service to create an administrative scheme to allow individuals the

1866114.1                                                    -13-

opportunity to seek an administrative resolution of claims for damages sustained from

unauthorized collection action by the Government.  The rules in 26 C.F.R. § 301.7433-1 fill

in the gaps of the requirement that administrative remedies be exhausted.  To the extent

that these rules implement the intent of Congress in some reasonable fashion, which

defendants contend they do, they will be held valid under the principles articulated in

*Chevron*.

The regulation provides a straightforward and simple administrative procedure that

allows individuals to seek an administrative resolution of claims under section 7433.

Paragraph (a) of the regulation reiterates the statutory requirement that a taxpayer must

file an administrative claim that meets the requirements set forth in paragraph (e) and wait

for the required period of time under paragraph (d) prior to filing suit in district court.  26

C.F.R. § 301.7433-1(a).  The requirements described in paragraph (e) provide the proper

place to file the required administrative claim, as well as the information that must be

included in the claim.  26 C.F.R. § 301.7433-1(e).  Specifically, a taxpayer is required to

provide (1) his/her name and current contact information; (2) grounds, in reasonable

detail, for the claim; (3) description of the injuries incurred; (4) dollar amount of the claim;

and (5) his/her signature or the signature of a duly authorized representative.  26 C.F.R. §

301.7433-1(e).  Such information is simply basic information in order to provide the Service

with adequate notice as to why a taxpayer asserts he/she is entitled to damages.  From this

information, the Service may investigate a taxpayer's claims and make an informed

determination.  By requiring a taxpayer to wait six months after filing an administrative

claim before filing an action in district court, the IRS is provided time to gather evidence

and consider, and perhaps settle, the claim before litigation.9/  Thus, the procedures

described in the regulation are far from an unreasonable interpretation of Congress's

mandate to create an administrative scheme to allow informal consideration of section 7433

claims prior to invoking judicial review.  The regulation is plainly valid.

CONCLUSION

Because the Court lacks jurisdiction over her amended complaint, the amended

complaint should be dismissed; or in the alternative, for failure to state a claim.


DATED: December 11, 2006.                     Respectfully submitted,

                                              /s/ Pat S. Genis
                                              PAT S. GENIS, #446244
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              P.O. Box 227
                                              Washington, DC 20044
                                              Phone/Fax: (202) 307-6390/514-6866
                                              Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

---

9/ The section also includes an exception.  If an administrative claim is filed
within the last six months of the two year period of limitations, the taxpayer may file an
action in court immediately after filing his administrative claim.

1864489.1

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS

AMENDED COMPLAINT, supporting MEMORANDUM, and proposed ORDER were

served upon plaintiff *pro se* on December 11, 2006 under the Court's EFC procedures and

by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> Cassie Eleson
> Plaintiff *pro se*
> P.O. Box 2807
> Honolulu, HI 96803


/s/ Pat S. Genis
PAT S. GENIS, #446244

1864489.1