IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASSIE ELESON | ) |
| | ) |
| Plaintiff, | )  No. 1:06-1553 (EGS) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' REPLY

The United States submits this reply to address one point raised by plaintiff in her opposition to the motion to dismiss. The United States otherwise relies on its motion to dismiss.

## STATEMENT & DISCUSSION

1. <u>Background</u>. This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code. Plaintiff seeks damages for alleged wrongful collection, "replevin of any and all property" and an order "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation." (Am. Compl. at 26-27.) The United States moved to dismiss asserting that this Court lacks jurisdiction over plaintiff's damages and refund claims and plaintiff's request for injunctive relief.

2. <u>Plaintiff's opposition</u>. Plaintiff presents six arguments in opposition to the United States' motion to dismiss, only one of which merits any discussion here.1/ Plaintiff's other arguments are fully discussed in the United States' motion to dismiss. This brief will discuss plaintiff's argument that the regulation is invalid.

3. <u>Section 26 U.S.C. § 301.7433-1 is a valid regulation</u>. Plaintiff asserts that 26 U.S.C. § 301.7433-1 "is an unreasonable interpretation" of the current statutory provision; "exceeds the authority of the statute;" "impermissibly converts damages actions into refund action;" and "frustrates congress' intent." (Mem. at 8-15.)

*Chevron* provides the analytical framework for considering the validity of this regulation. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 476 U.S. 837 (1984). Regulations issued by an agency to interpret the application of a statute are entitled to deference as long as the regulations implement the statute in some reasonable manner. *Id.* at 843-45. The standard of validity is not whether the agency's construction is the *only* permissible reading, or even the "best" among permissible

---

1/ Plaintiff filed both a "response" to the United States motion to dismiss and a "memorandum" in support of the response. She asserts six arguments in her response: 1) did the United States misrepresent the status of the Court's subject matter jurisdiction (Opp. at 1; Mem. at 1); 2) did plaintiff adequately demonstrate her exhaustion of administrative remedies under the notice pleading regime of the federal courts (Opp.2; Mem. 2); 3) were plaintiff's notice pleadings sufficient to establish a presumption of a pattern of unlawful activity (Opp.3; Mem. 5); 4) did the United States "read into" section 7433 an exhaustion requirement that was not in the statute (Opp.4; Mem. 6); 5) is 26 U.S.C. § 301.7433-1 a valid regulation (Opp. 5; Mem. 7); and 6) did the United States willfully misconstrue plaintiff's complaint as a refund suit (Opp. 6; Mem. 9). Plaintiff did not discuss her refund suit argument in her memorandum. As noted above, except for the validity of the regulation, plaintiff's arguments are fully treated in the United States' motion to dismiss, and require no further discussion here.

readings, or whether the regulation reaches a result that the court would have reached if the issue had first been presented in a judicial proceeding. *See id.* at 843, n.11; *Nichols v. United States*, 260 F.3d 637, 644 (6th Cir. 2001). Rather, if the challenged regulation represents a reasonable policy choice within an area intentionally or inadvertently left open by Congress, the regulation should be upheld. *Chevron*, 467 U.S. at 865-866; *see also Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Services*, 545 U.S. 967, 980 (2005).

      Under *Chevron*'s two-step procedure, the first inquiry is whether the statute directly and conclusively addresses the precise question at issue. If the statute does not provide the answer, being either silent or ambiguous, the next step mandates upholding the agency's interpretation as long as the agency's construction "is a reasonable policy choice for the agency to make." *Chevron*, 467 U.S. at 845. Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the Internal Revenue Code. 26 U.S.C. § 7805(a). It is well settled that a court should ordinarily defer to the regulation if it implements the congressional mandate in some reasonable manner. *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 476 (1979) (quoting *United States v. Correll*, 389 U.S. 299, 307 (1967)); *Boulez v. Comm'r*, 810 F.2d 209 (1987); *Debt Buyers Ass'n v. Snow*, 2006 WL 598143, * 9 (D.D.C. 2006) (Kollar-Kotelly, J.). To determine whether the regulation carries out the congressional mandate in a reasonable manner, courts look to see whether the

regulation harmonizes with the plain language of the statue, its origin, and its purpose. *National Muffler Dealers Ass'n*, 440 U.S. at 477.

The requirement that a party must exhaust administrative remedies prior to filing suit was contained in the first Taxpayer Bill of Rights (TBOR I). After publication of the original Treasury regulations under section 7433, courts determined that section 7433(d) was a jurisdictional bar to an action in court absent exhaustion of administrative remedies. *See, e.g., Venen v. United States*, 38 F.3d 100 (3d Cir. 1994). In 1996, Congress enacted TBOR II, which amended section 7433(d) to provide that failure to exhaust administrative remedies was merely a factor that the court could use to reduce a judgment. Then, in 1998, Congress enacted TBOR III which reinstated, verbatim, the language of TBOR I, which required exhaustion of administrative remedies prior to filing suit in district court. *See also* H.R. Rep. 105-364, pt. 1, at 59 (1997); S. Rep. 105-174, at 49 (1998).

The language in section 7433(d)(1), as well as the legislative history, makes clear that Congress intended the Service to create an administrative scheme to allow individuals the opportunity to seek an administrative resolution of claims for damages sustained from unauthorized collection action by the Government. The rules in 26 C.F.R. § 301.7433-1 fill in the gaps of the requirement that administrative remedies be exhausted. To the extent that these rules implement the intent of Congress in some reasonable fashion, which defendants contend they do, they will be held valid under the principles articulated in *Chevron*.

The regulation provides a straightforward and simple administrative procedure that allows individuals to seek an administrative resolution of claims under section 7433. Paragraph (a) of the regulation reiterates the statutory requirement that a taxpayer must file an administrative claim that meets the requirements set forth in paragraph (e) and wait for the required period of time under paragraph (d) prior to filing suit in district court. 26 C.F.R. § 301.7433-1(a). The requirements described in paragraph (e) provide the proper place to file the required administrative claim, as well as the information that must be included in the claim. 26 C.F.R. § 301.7433-1(e). Specifically, a taxpayer is required to provide (1) his/her name and current contact information; (2) grounds, in reasonable detail, for the claim; (3) description of the injuries incurred; (4) dollar amount of the claim; and (5) his/her signature or the signature of a duly authorized representative. 26 C.F.R. § 301.7433-1(e). Such information is simply basic information in order to provide the Service with adequate notice as to why a taxpayer asserts he/she is entitled to damages. From this information, the Service may investigate a taxpayer's claims and make an informed determination. By requiring a taxpayer to wait six months after filing an administrative claim before filing an action in district court, the IRS is provided time to gather evidence and consider, and perhaps settle, the claim before litigation.[2] Thus, the procedures described in the regulation are far from an unreasonable interpretation of Congress's

---

[2] The section also includes an exception. If an administrative claim is filed within the last six months of the two year period of limitations, the taxpayer may file an action in court immediately after filing her administrative claim.

mandate to create an administrative scheme to allow informal consideration of section 7433 claims prior to invoking judicial review. Thus the regulation is plainly valid.

## CONCLUSION

For the reasons stated in the United States' motion to dismiss plaintiff's amended complaint and the reasons stated above, the United States respectfully requests the Court grant the motion and dismiss the case.

DATE: May 2, 2007.                Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #664266
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov


OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS was served upon plaintiff *pro se* on May 2, 2007 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Cassie Eleson
>Plaintiff *pro se*
>P.O. Box 2807
>Honolulu, HI 96803

<u>/s/ Pat S. Genis</u>
PAT S. GENIS #446244