# United States District Court
IN THE DISTRICT OF COLUMBIA

Cassie Eleson

Case No. 1:06-1553 (EGS)

Plaintiff,

v.

SUR-REPLY TO REPLY TO
RESPONSE TO MOTION TO
DISMISS

United States Government

Defendant.

Plaintiff hereby sur-replies to defendant's REPLY TO RESPONSE TO MOTION TO DISMISS, addressing the issues raised by respondents therein.

Assertion that "TBOR III...reinstated, verbatim, the language of TBOR I, is irrelevant, in light of the United States Supreme Court's rulings in *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1245 (Feb. 22, 2006), and *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____, (Argued: October 30, 2006 -- Decided: January 22, 2007).

In in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), the Court cited the Supreme Court's holding in *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), wherein the Supreme Court examined "essential element of a claim" in respect of factual matters. *Arbaugh*, at 1240. Citing to *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U. S. 133, the *Arbaugh* Court reiterated:

> If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts.

In *Turner*, and in *Lindsey v. United States*, 448 F.Supp.2d 37 (D.D.C. 2006), and their progeny, this Court determined that "exhaustion of administrative remedies" is a factual issue, laying to rest the long-standing, but erroneous, assertion that failure to *assert* exhaustion of administrative remedies deprived the Court of jurisdiction.

In *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____, decided 11 months to the day after *Arbaugh*, the Honorable Roberts, C.J., opined that:

> "The fact that the [statute at issue]...is silent on the issue whether exhaustion must be pleaded or is an affirmative defense, is strong evidence that the usual practice should be followed, and the practice under the Federal Rules is to regard exhaustion as an affirmative defense..."

The *Jones* Court also reiterated:

> "Courts should generally not depart from the Federal Rules' usual practice based on perceived policy concerns. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"[1]

and,

> "Given that the [statute at issue] does not itself require plaintiffs to plead exhaustion, such a result 'must be obtained by amending the Federal Rules, and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

*Jones* changed the interpretation of exhaustion requirements, stating that,

> "Failure to exhaust is better viewed as an affirmative defense. Federal Rule of Civil Procedure 8(a) requires simply a 'short and plain statement of the claim' in a complaint..."

Plaintiff asserts that her Verified Complaint met the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[2], and reiterated in *Jones v. Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____ (January, 2007), and that 7433 "does not itself require plaintiffs to plead exhaustion" *Jones v Bock*, citing *Leatherman, supra*, at 168. Plaintiff further asserts that 7433(d)'s language - "unless the court determines" - in the common English to which *Chevron*

---

[1] Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163 Held: A federal court may not apply a "heightened pleading standard" -- more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a)

[2] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

*U.S.A., Inc. v. NRDC,* 467 U.S. 837 (1984) referred, Id., 861, calls for a determination of fact; clearly within the province of the jury. Cf. *Arbaugh,* 1240; *Reeves.* Thus, "Failure to exhaust is better viewed as an affirmative defense", *Jones v Bock* , and "the usual practice ... under the Federal Rules is to regard exhaustion as an affirmative defense...".

Defendant's motion to dismiss on grounds of "failure to state a claim" is inappropriate in the absence of an answer setting forth such affirmative defense. A 12(b)(6) motion can be, and, based upon the Congressional language, and *Jones*, <u>is</u>, more properly brought <u>after</u> the Jury has had the opportunity to make a factual determination with respect to <u>availablity</u> of administrative remedies, as well as exhaustion of same.

Defendant's Motion to Dismiss, insofar as it asserted "failure to demonstrate", was an attempt to pre-empt the jury's authority as the "proper trier" of the contested "essential element" of exhaustion of "*administrative remedies* <u>available</u> " as described in IRC § 7433(d)[3], [4].

The Supreme Court's change in the interpretation of a nonjurisdictional exhaustion requirement establishes that Plaintiff was not required to "demonstrate that she filed a proper administrative claim for damages" as counsel asserted at pp 3,4 of her memorandum in support of dismissal; to the contrary, the defendant is required to present the affirmative defense, and leave the factual element to the jury.

---

[3]Plaintiff asserts that "the court" contemplated in IRC § 7433(d) comprises, for purposes of factual determinations, both the judge and the jury.

[4] The Congressional language of 7433(d) is further addressed below.

## CITED REGULATION IS INTERPRETATIVE, LACKING "CERTAIN SUBSTANTIVE CHARACTERISTICS...INHERENT IN THE CONCEPT OF A SUBSTANTIVE RULE

I had asserted that the Code of Federal Regulations established that IRS refused to even establish procedures for four years after the right to bring an action was granted by Congress; currently imposes a prohibitive provision omitted by Congress; and that administrative remedy, available in form, is unavailable in substance. Further review of Official documents of the Office of the Federal Register establish that "26 CFR 301.7433-1", cited by respondents, finds no authority under 102 Stat. 3747, as amended, 110 Stat. 1465; 112 Stat. 730, aka IRC § 7433.

"[T.D. 8392, 57 FR 3536, Jan. 30, 1992; 57 FR 5931, Feb. 18, 1992, as amended by T.D. 9050, 68 FR 14320, Mar. 25, 2003]" contains neither a citation to a to 102 Stat. 3747 (TBOR I), nor, 110 Stat. 1465 (TBOR II), nor 112 Stat. 730 (TBOR III), aka IRC § 7433, in any incarnation, as the source of authority; nor does it contain a citation to any substantive authority. As shown by Title 1 CFR Part 21, an official publication of the Office of the Federal Register, "26 CFR 301.7433-1" is nothing more than an "interpretive regulation", SEE: Chrysler v. Brown, 441 U.S. 281 (1970), i.e., a regulation that fails to comply with the procedural requirements of the Code of Federal Regulations, described by the Office of the Federal Register as "the codification of the general and permanent rules published in the Federal Register by the executive departments and agencies of the Federal Government". SEE 1 CFR 2.5(b); 1 CFR 8.1; "26 CFR 301.7433-1" lacks substantive authority.

The published "26 CFR 301.7433-1" lacks the "complete citation of the authority under which the section is issued" required by 1 CFR 21.40, "including-(a) General or specific authority delegated by statute; and (b)

Executive delegations, if any, necessary to link the statutory authority to the issuing agency".

Such "complete citation of the authority under which the section is issued" is among the Agency Responsibilities published in 1 CFR 21.41.

The published "26 CFR 301.7433-1" fails to "set out the full text of the authority citation for each part affected by the document" as required by 1 CFR 21.43(a), and 1 CFR 21.52.

The published "26 CFR 301.7433-1" fails to cite even a non-statutory authority as exemplified in 1 CFR 21.45, and 1 CFR 21.53

The Supreme Court stated in Chrysler v. Brown, 441 U.S. at 301,

> "In order for a regulation to have the "force and effect of law," it must have certain substantive characteristics and be the product of certain procedural requisites. The central distinction among agency regulations found in the APA is that between "substantive rules" on the one hand and "interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice" on the other. *** But in Morton v. Ruiz, 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974), we **1718 noted a characteristic inherent in the concept of a "substantive rule." We described a substantive rule--or a "legislative-type rule," id., at 236, 94 S.Ct., at 1074-as one "affecting individual rights and obligations." Id., at 232, 94 S.Ct., at 1073. This characteristic is an important touchstone for distinguishing those rules that maybe "binding" or have the "force of law." Id., at 235, 236, 94 S.Ct., at 1074."

The Chrysler Court continued, at 302:

> "In contrast..."interpretive rules" and "general statements of policy" do not have the force and effect of law. Interpretive rules are issued by an agency to advise the public of the agency's construction of the statutes and rules which it administers." Ibid. General statements of policy are 'statements issued by an agency to advise the public prospectively of the manner in which the agency proposes to exercise a discretionary power."

Chrysler v. Brown then followed its own precedent, at 441 U.S. 315:

> "As this Court noted in Batterton v. Francis, 432 U.S. 416, 425 n. 9, 97

> S.Ct. 2399, 2405 n. 9, 53 L.Ed.2d 448 (1977):
>> "[A] court is not required to give effect to an interpretative regulation. Varying degrees of deference are accorded to administrative interpretations, based on such factors as the timing and consistency of the agency's position, and the nature of its expertise."
>
> "We need not decide whether these regulations are properly characterized as "interpretative rules." It is enough that such regulations are not properly promulgated as substantive rules, and therefore not the product of procedures which Congress prescribed as necessary prerequisites to giving a regulation the binding effect of law. [FN45] An interpretative regulation or general statement **1725 *316 of agency policy cannot be the "authoriz[ation] by law"

The published "26 CFR 301.7433-1", containing only the bracketed reference "[T.D. 8392, 57 FR 3536, Jan. 30, 1992; 57 FR 5931, Feb. 18, 1992, as amended by T.D. 9050, 68 FR 14320, Mar. 25, 2003]", was "not properly promulgated as [a] substantive rule", Batterton v. Francis, and the "court is not required to give effect to an interpretative regulation...". Chrysler v. Brown.

WHEREFORE, in the absence of substantive authority for "[T.D. 8392, 57 FR 3536, Jan. 30, 1992; 57 FR 5931, Feb. 18, 1992, as amended by T.D. 9050, 68 FR 14320, Mar. 25, 2003]" to be considered anything more than "interpretive" under Chrysler v. Brown, 441 U.S. 281, defendant's motion to dismiss should be denied.

Respectfully,

Dated: May 22, 2007

_Cassie Eleson_
Cassie Eleson

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the following:

SUR-REPLY TO REPLY TO RESPONSE TO MOTION TO DISMISS

by placing same in the U. S. Mail Postage prepaid Express Mail to the following named persons on May 23, 2007.

UNITED STATES DISTRICT COURT
IN THE DISTRICT OF COLUMBIA

PAT S. GENIS, #446244
U. S .Department of Justice
P.O. Box 227
Washington, DC 20044

Dated _May 23, 2007_

_____
Cassie Eleson