**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
CASSIE ELESON,                )
                              )
          Plaintiff,          )
                              )   Civil Action No. 06-1553 (EGS)
     v.                       )
                              )
UNITED STATES,                )
                              )
          Defendant.          )
_____)
```

<u>**MEMORANDUM OPINION**</u>

Plaintiff Cassie Eleson, proceeding *pro se,* filed the instant action against the United States alleging misconduct by the Internal Revenue Service ("IRS") in the collection of taxes. This case is similar in many respects to a number of cases filed in this Court by individuals around the country seeking damages for such alleged misconduct.  In this case, like many cases in this Court before it, plaintiff asserts that this Court has jurisdiction over plaintiff's claim for damages pursuant to the Taxpayer Bill of Rights ("TBOR"), *see* 26 U.S.C. § 7433.  Plaintiff also claims that the Court has jurisdiction pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 704-706; the All Writs Act, 28 U.S.C. § 1651; the Mandamus Act, 28 U.S.C. § 1361; and 28 U.S.C. § 1331 with respect to unspecified sections of the Federal Records Act, the National Archives Act, the Freedom of Information Act ("FOIA"), and the Privacy Act.

Pending before the Court is defendant's Motion to Dismiss Amended Complaint. Upon consideration of the motion, the response and reply thereto, and the applicable law, the Court **GRANTS** defendant's motion

to dismiss.

## I.   BACKGROUND

Plaintiff's complaint is one of many nearly identical complaints filed in our Court by *pro se* plaintiffs under the Taxpayers Bill of Rights ("TBOR"), 26 U.S.C. § 7433, which provides a cause of action, and a waiver of sovereign immunity, for alleged misconduct by the IRS. Plaintiff enumerates 39 counts of alleged IRS misconduct in her Amended Complaint.  These counts are nearly identical to numerous other claims made pursuant to the TBOR by other individuals.  The Amended Complaint provides few facts and merely cites numerous statutory provisions that defendant I.R.S. allegedly violated. Viewing the Amended Complaint in the light most favorable to plaintiff, however, the Court will construe plaintiff's claims as misconduct by the IRS throughout the tax collection process. Specifically, plaintiff alleges that the IRS failed to notify plaintiff to keep records, make statements, or file returns; failed to prepare "Substitute(s) for Return(s)" in the name of Cassie Eleson; forced plaintiff to use her social security number in violation of the Social Security Act; improperly assessed taxes; failed to record tax assessments; failed to execute summary records of assessment; failed to furnish plaintiff with copies of assessments or summary records of assessment; failed to promulgate regulations to implement the Internal Revenue Code; failed to implement provisions of the Internal Revenue Code; exceeded limits imposed on the collection of taxes; failed to give notice of unpaid tax; engaged in conduct intended to harass or

oppress; asserted a tax lien without proper notice; failed to certify notices of lien; and unlawfully disclosed return information by filing notices of lien in stated amounts for which no record exists.

Based on the above allegations, plaintiff seeks an order directing defendant to pay damages pursuant to section 7433 in the amount of $10,000 per disregard of the Internal Revenue Code; directing "replevin of any property taken from Plaintiff without due process of tax law, or compensation at current fair market value," Am. Comp. at 19; directing "such other and further damages as the court deems proper," and "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of the law or regulation." *Id*.

## II.   STANDARD OF REVIEW

Defendant has moved to dismiss the Amended Complaint on the grounds that plaintiff's failure to exhaust her administrative remedies deprives this Court of subject matter jurisdiction.  Section 7433's exhaustion requirement is nonjurisdictional, however. *See Gross v. United States,* Civ. No. 05-11818, 2006 WL 2787838 (D.D.C. Sept. 26, 2006). *See also Lindsey v. United States,* 448 F.Supp 2d 37 (D.D.C. 2006)(Walton, J.); *Turner v. United States,* 429 F.Supp 2d 149 (D.D.C. 2006)(Bates, J.); *Ross v. United States,* 460 F.Supp 2d 139, 145 (D.D.C. 2006)(Bates, J.) (reconsidering and reaffirming the rule in *Turner* that section 7433's exhaustion requirement is nonjurisdictional.) Thus, although the government has moved to dismiss for lack of subject matter jurisdiction, this Court will analyze the

government's motion *sua sponte* as one for failure to state a claim upon which relief can be granted. *See McReynolds v. United States,* Civ. No. 06-0924, 2007 WL 521889, *2 (D.D.C. Feb. 14, 2007) (Robertson, J.); *Jaeger v. United States,* Civ. No. 06-625, 2006 WL 1518938, *1 (D.D.C. May 26, 2006) (Bates, J.).

### A.   Rule 12(b)(1)

A party seeking adjudication of an action in federal court bears the burden of showing that the court has subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). "[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider materials outside the pleadings to determine whether it has jurisdiction. *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp 2d 138, 142 (D.D.C. 2005).

### B.   Rule 12(b)(6)

To survive a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must make sufficiently detailed factual allegations in his complaint "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct.

4

1955, 1965 (2007). In evaluating a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus,* 127 S. Ct 2197, 2200 (June 4, 2007) (internal quotation marks and citations omitted), and "grant the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Trudeau v. FTC,* 456 F.3d 178, 193 (D.C. Cir. 2006) (internal quotation marks and citations omitted). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief [in his complaint] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1965 (internal quotation marks and brackets omitted). Moreover, the Court need not accept inferences that are unsupported by the facts set forth in the complaint or "legal conclusion[s] couched as ... factual allegation[s]." *Trudeau,* 456 F.3d at 193 (internal quotation marks and citations omitted).  In evaluating a Rule 12(b)(6) motion, the Court may only consider the facts alleged in the complaint, any documents attached as exhibits, and matters about which the Court may take judicial notice. *EEOC v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 624-25 (D.C. Cir. 1997).

### C.   Pro Se Litigants

Finally, the pleadings of *pro se* parties "[are] to be liberally construed, and a *pro* se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 127 S.Ct. at 2200 (internal quotation marks and

citations omitted). Nonetheless, "[a]lthough a court will read a *pro se* plaintiff's complaint liberally, a *pro se* complaint, [no less than any other complaint], must present a claim on which the Court can grant relief." *Chandler v. Roche,* 215 F.Supp 2d 166, 168 (D.D.C. 2002) (citing *Crisafi v. Holland,* 665 F.2d 1305, 1308 (D.C. Cir. 1981)).

## III. ANALYSIS

Plaintiff invokes multiple statutes as the basis for her tax protestor claim, including the Taxpayer Bill of Rights ("TBOR"), 26 U.S.C. § 7433,  the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 704-706; the All Writs Act, 28 U.S.C. § 1651; the Mandamus Act, 28 U.S.C. § 1361; and 28 U.S.C. § 1331 with respect to unspecified sections of the Federal Records Act, the National Archives Act, the Freedom of Information Act ("FOIA"), and the Privacy Act.

### A. Damages Under 26 U.S.C. § 7433

Plaintiff claims that she is entitled to damages from the IRS as a result of the allegedly unlawful manner in which her taxes were collected.  Although the Taxpayer Bill of Rights allows for the award of damages, a taxpayer may not bring suit in federal court until all available administrative remedies have been exhausted. 26 U.S.C. § 7433(d)(1).  Under IRS regulations, a taxpayer alleging misconduct must file an administrative claim prior to filing suit or the suit must be dismissed. 26 C.F.R. § 301.7433-1; *see,* e.g., *Davenport v. United States,* 450 F.Supp 2d 96, 97 n. 1 (D.D.C. 2006); *Holt v. Davidson,* 441 F.Supp 2d 92, 96 (D.D.C. 2006); *Turner v. United States,* 429 F.Supp 2d 149, 153-55 (D.D.C. 2006); *Ross v. United States,* 460

F.Supp 2d 139, 152-53 (D.D.C. 2006). Specifically, the taxpayer must submit his claim, in writing, "to the Area Director ... of the area in which the taxpayer currently resides." 26 C.F.R. § 301.7433-1(e)(1). The claim must include, *inter alia,* the grounds for the claim, a description of the injuries, and the dollar amount of damages sought. 26 C.F.R. § 301.7433-1(e)(2)(ii-iv). A taxpayer may not file suit until the IRS has issued a decision or failed to act on the claim within six months of the date of filing. 26 C.F.R. § 301.7433-l(d).

Plaintiff implicitly concedes that she has not exhausted her administrative remedies, but argues that she is not required to do so because the regulation that requires exhaustion, 26 C.F.R. § 301.7433-1, is an invalid, unreasonable interpretation of the statute. *See* Pl.'s Opp'n 3-11. Because plaintiff has not even attempted to comply with the regulation, her claim that the regulation is invalid is not ripe. Moreover, even if the issue were ripe, this Court would find that the regulation at issue is valid. The statute at issue specifically requires the IRS to create an administrative scheme in order to allow individuals to resolve administratively claims for damages caused by an unauthorized collection action.  26 U.S.C. § 7433(d)(1) ("A judgment for damages shall not be awarded ... unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.").  *Chevron* requires the Court to defer to the agency's reasonable interpretation of the statute, *Chevron, U.S.A. v. Natural Res. Def. Counsel, Inc.,* 467 U.S. 837 (1984), which this Court will

do. *See, e.g., Evans v. United States,* 433 F.Supp 2d 17, 21-22 (D.D.C. 2006). Therefore, as plaintiff has failed to exhaust her administrative remedies, a mandatory prerequisite to sue, the Court must dismiss plaintiff's claim for damages under section 7433.

## B. Replevin and Injunctive Relief

Plaintiff also seeks "replevin of any and all property taken from Plaintiff(s)." *See* Am. Compl. at 19. Plaintiff's replevin claim is essentially a claim for a refund of taxes paid. *See, e.g., Ross,* 460 F.Supp 2d at 153-54. A refund action cannot be maintained, however, unless the taxpayer has already paid the taxes assessed and filed a claim for a refund. 26 U.S.C. § 7422(a); *Flora v. United States,* 362 U.S. 145 (1960); *McReynolds v. United States,* No. 06-0924, 2007 WL 521889, at *5 n. 4 (D.D.C. Feb. 14, 2007); *Ross,* 460 F.Supp 2d at 152-53; *Lykens v. United States,* No. 06-1226, 2006 WL 3408188, at *6 n.6 (D.D.C. Nov. 27, 2006). As plaintiff has failed to allege that she paid the taxes assessed by the IRS, her claim for a refund cannot be maintained in this Court.

The Court also denies plaintiff's request for injunctive relief. The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." The purpose of the Anti-Injunction Act is to afford the Internal Revenue Service the right to prompt collection of taxes without judicial intervention "by requiring that the legal right to the disputed sums be determined

in a suit for refund." *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7 (1962). The United States Supreme Court has held that federal courts may only grant injunctive relief where: (a) "it is clear that under no circumstances could the Government ultimately prevail" and (b) "if equity jurisdiction otherwise exists." *Commissioner v. Shapiro,* 424 U.S. 614, 627 (1976) (quoting *Enochs,* 370 U.S. at 7). Unless both prongs of this test are satisfied, a suit for injunctive relief must be dismissed. *See Alexander v. "Americans United" Inc.,* 416 U.S. 752, 758 (1974). The burden is on the taxpayer to demonstrate that her suit falls within the judicially-created exceptions to the Anti-Injunction Act. *Cooper v. United States,* No. 05-1192, 2005 WL 3462281, at *1 (D.D.C. Nov. 3, 2005) (citing *Alexander,* 416 U.S. at 758).

Here, plaintiff has not satisfied either prong of the Supreme Court's test. First, the boilerplate allegations in her complaint lack any specificity or "personalization" that would lend support to the notion that, "under no circumstances could the Government ultimately prevail." *Enochs,* 370 U.S. at 7. Indeed, the general allegations plaintiff makes are unsubstantiated by actual evidence of governmental wrongdoing as to this plaintiff in particular. Thus, the Court has no reason to believe that the government would be unable to ultimately prevail on the merits. Second, plaintiff has failed to set forth any reason why this Court should exercise equity jurisdiction over her remaining claims. Accordingly, being unable to satisfy the two-prong *Enochs* test, plaintiff's prayer for injunctive relief must also be denied.

**C. Unavailability of Damages or Other Relief Under Other Statutes**

Plaintiff has attempted to salvage her damages claim by asserting jurisdiction under the APA, the All Writs Act, FOIA, the Privacy Act, and mandamus. *See* Am. Compl. ¶¶ II.A.2.-4., II.C.1.-3.  Section 7433, which contains an exclusivity provision, precludes those claims. *See*, e.g., *Ross v. United States*, 460 F .Supp. 2d 139, 148 (D.D.C. 2006)("[B]ased on the plain language of section 7433(a) and its legislative history, section 7433 bars plaintiffs' claim for damages to the extent plaintiffs seek such relief under the APA, the All Writs Act, the Mandamus Act, FOIA, the Privacy Act...."). *See also Maki v. United States*, Civ. No. 06-1564, 2006 WL 3791377, *5 (D.D.C. Dec. 22, 2006) (same).

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Government's Motion to Dismiss Amended Complaint.  An appropriate Order accompanies this Memorandum Opinion.

**Signed:**   **Emmet G. Sullivan**
              **United States District Judge**
              **October 31, 2007**